————o————

## No. 3773.

### (Court of Appeal, Parish of Orleans.)

## MRS. ANNIE WILLIAMS and FRED WILLIAMS, her husband, vs., THE LIFE INSURANCE COMPANY OF VIRGINIA.

1. The expression, "suit shall be brought," used in the limitation clause of a policy of insurance, should be understood in its plain and ordinary sense, and not with reference to the necessities of the rules of practice, and there is judicial authority for the statement that, in this jurisdiction, the expression means "the filing of the suit."
2. The rule of law is that the limitation may be waived, and that, if the insurer be responsible for the failure on the part of the beneficiary to seasonably bring his suit, the limitation will be deemed waived.
3. If a policy of insurance be fairly susceptible of two interpretations, that will be adopted which is most favorable to the insured.
4. The incontestable clause is customarily held out by insurance companies as an inducement to people to insure, it is valid and partakes of the nature of a statute of repose.
5. The declaration of such a clause that liability shall not be disputed after two years except for mistatement of age excludes the right to contest on any ground other than the one excepted.

Appeal from Civil District Court, Division "B."

E. M. Cahn & S. S. Prentiss, Plaintiff and Appellee.

Howe Spencer & Cocke, for Defendant and Appellant.

DUFOUR, J. This suit on a policy of insurance on the life of one Sylvester Beck is resisted by the defendant on the grounds:

First—That the suit was not brought or commenced within six months, as provided by the policy, and is barred.

Second—That the plaintiff is an absolute stranger to the contract and has shown no interest in it.

34

Third—That the insured committed suicide and, in such case, recovery could not be had for more than the premiums paid.

Fourth—That, if he did not commit suicide, his death resulted from an attempt at prison breach, and in such event, no recovery can be had.

I

The policy provides that "no suit shall be brought against the company after six months from the death of the insured."

He died on April 23, 1904, the petition was filed on July 25, 1904, and Smith, defendant's local agent, was served on July 26, 1904, and service was also made on the Secretary of State on Nov. 12, 1904.

The appellant's argument is, that, in law, the suit was not *brought* until citation was served, and hence, as the Secretary of State was the only party authorized to receive process and he was not served within six months, the suit was not brought within the period fixed by the limitation of the policy.

It appears to us that the words "bringing of a suit" are to be construed in their plain and ordinary sense, and not with reference to the niceties of the rules of practice in various jurisdictions, and that they mean "the filing of the suit" is warranted by the cases at 110 La. 1025, and 112 La. 852.

But, if we err as to this, we consider that the defendant has by its conduct waived the limitation.

The rule of the law is that the right of the insurers to insist upon the limitation of the time of bringing suit may be waived and, that, if the insurer be responsible for the failure on the part of the beneficiary to seasonably bring his suit, the limitation will be deemed waived.. This rule rests on the principle that one who has lulled another into security should not be allowed to take advantage of his own acts to the detriment of that other.

Am's E. Enc. Law, Vol. 11, p. 352-3 (1st ed).

Bacon on Ben. Sec. & Ins., Vol. 2, p. 1141.

It is shown that the plaintiff submitted the proofs of loss on April 23, 1904, to Smith, local superintendent of the defendant company, and at the same time turned over to him at his request the policy and the book showing payment of premiums.

She was given a receipt stating that "if the claim under said policy is not paid within one week from date, said book and policy will be returned upon demand in exchange for this receipt."

She subsequently called on Smith and was told to wait until an answer could be had from the home office at Richmond, Va., and that he would let her know when one was received.

The last time she called, about July 14, she was told that the company refused payment, whereupon she, without delay, called on Mr. Cahn, her attorney.

The latter immediately made a demand on Smith and tendered the receipt, and answer was made that the book and policy were still at the home office.

There was a delay on the part of the company in giving its answer of nearly three months, which must be excluded from the limitation period; hence the suit, and the last citation, were timely, and the exceptions were properly overruled.

2

The suggestion that the plaintiff is a stranger to the contract comes too late. The company dealt directly with her, kept the books and papers three months, presumably for investigation, and. with full information within its grasp, deliberately admitted in its answer to the petition a liability to the plaintiff of $84.48.

3 and 4

Clause 6 of the policy declares that "the liability of the Company under this policy shall be limited to an amount equal to the sum of the premiums paid hereon, if any of the statements or warranties in the application for this policy be not true, if the insured die by the hands of justice while engaged in an illegal act, or if the insured die by his own hand or act."

Clause 10 provides that "if the insured shall die two or more years after the date hereof, and after premiums due shall have been received by the company, the liability of the company, as determined by the conditions of this policy, shall not be disputed, except for misstatement of age."

The trial judge in the course of his terse and cogent reasons for judgment says.

"This clause means, and was intended to mean, that if the insured shall die two or more years after the date of this policy, having paid all the premiums due, the liability of the company to pay the beneficiary $500, the conditions assumed by it, shall not be disputed except for one cause; misstatement by the assured in his application for insurance of his age. If the insurance company did not mean this, it intended by the clause to deceive the assured, and after two years from the date of the policy, after his death, dispute its liability on other grounds besides misstatement of age; that an incontestable policy, except on one misstatement was not what they meant, but a contestable policy on any and every ground it desired to urge after the death of the assured.

The defendant is bound by the common sense interpretation to be placed on clause 10 of its policy, cannot now set up the defence of suicide or any other defence except misstatement of the deceased of his age. The clause is known as an incontestable clause and operates a conventionable prescription after two years. Being of this opinion, it is not necessary for the Court to determine whether or not the deceased committed suicide or came to his death in an attempt to break the law."

To this we may add that, if the policy be fairly susceptible of two interpretations, that will be adopted which is most favorable to the assured, that the incontestable clause is customarily held out by insurance companies as an inducement to insure, is valid and partakes of the nature of a statute of repose.

Bacon 340 A. p. p. 667-668.

In conclusion we may quote the apt words of the Supreme Court of Minnesota in a case identical with this, (64 N. W. 68,) "that the present contest would appear very much like a contest over an incontestable policy."

Judgment Affirmed.

November 27, 1905.

## ON APPLICATION FOR REHEARING.

1. The suggestion that plaintiff is a stranger to the contract comes too late.

The defendant dealt directly with her as such, kept her books and papers for three months, presumably for investigation, and, with full information within its grasp, deliberately admitted in its answer to the petition a liability to plaintiff.

2. To now declare that the defendant is not bound by its admission and that the right of action abides in another, would sanction a possible subterfuge, by which, at this late day, the limitation of six months might be invoked to defeat all claims on the policy.

3. This would doubtless be quite convenient to the insurer, but scarcely equitable to the parties in interest, considering the course adopted by the company in this proceeding.

DUFOUR, J   This application states that "we ask for a rehearing in this case on a single ground; that ground is the alleged error of the Court in holding that the plaintiff, an entire stranger to the policy sued for, can recover its proceeds."

We now reiterate what we originally said, not as a general rule of law, but as the principle which ought to govern this case.

"The suggestion that plaintiff is a stranger to the contract comes too late. The Company dealt directly with her, kept the books and papers for three months, presumably for investigation. and with full information within its grasp, deliberately admitted in its answer to the petition a liability to plaintiff of $34.48."

The premiums were all paid by the plaintiff. When the suit was filed by her, the company knew full well that Josephine Beck was the beneficiary named, and yet, instead of objecting to the capacity of the claimant, it admitted liability to her.

The company's sole interest is to be protected against double payment, and this protection will be afforded by the fact that Josephine Beck will be estopped from ever making any claim because of her having testified in favor of the plaintiff in this proceeding.

To now declare that the Company is not bound by its admission of liability to plaintiff, and that Josephine Beck alone had a right of action, would sanction a possible subterfuge by which at this late day, the prescription or limitation of six months might be invoked so as to defeat all claims on the policy. This would, doubtless, be quite convenient to the insurer, but scarcely equitable, considering the course adopted by it in this proceeding.

Rehearing refused.

Dec. 11, 1905.

Writ refused by Supreme Court Jan. 19, 1906.